Filed 6/20/23  P. v. Logan CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SEAN LOGAN,<br><br>        Defendant and Appellant. | A166841<br><br>(Mendocino County<br>Super. Ct. No. 22CR01031) |

Defendant Sean Logan appeals from a judgment entered after he pled no contest to two felony counts of assault with a deadly weapon and one misdemeanor count of driving with a blood alcohol level in excess of .08 percent.  Defendant's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Defendant was informed of his right to file supplemental briefing.  On June 9, 2023, defendant's counsel on appeal filed with the court a one-page handwritten document counsel had received from defendant the day before, entitled "Supplement Brief."  We have reviewed counsel's brief and defendant's supplemental brief and have independently reviewed the record.  We find no errors or other issues requiring further briefing.  Accordingly, we affirm.

1

On August 4, 2022, defendant was charged by information with three felony counts of assault with a deadly weapon (a vehicle) (Pen.[1] Code, § 245, subd. (a)(1); counts 1–3) and three misdemeanors: (false imprisonment (§ 236; count 4), driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 5) and driving with a blood alcohol content of .08 percent or more (Veh. Code, § 23152, subd. (b); count 6).

According to the preliminary hearing transcript, the incident giving rise to the current charges occurred on April 26, 2022, in Fort Bragg. Darin Hammond was coming out of a Safeway and talking to a friend when he was approached by a woman (Alicia Miller) who expressed fear about a man who was in her van in the Safeway parking lot and wanted Hammond's help in removing him. Miller's brother later arrived on the scene. The brother and Hammond went to the van where they encountered defendant and removed him from the van. According to Hammond, defendant was argumentative and claimed it was his van. Hammond saw defendant get into a vehicle next to the van and drive away. Hammond, Miller and her brother and others were then in the middle of the street between the Safeway and a Starbucks when defendant came "flying out of the Safeway parking lot" and, according to Hammond "trie[d] to run us over." Defendant did a U-turn and returned and tried to hit them again. For purposes of the preliminary hearing, defense counsel stipulated that defendant's blood alcohol content that night was .10 percent after driving.

As part of a negotiated disposition, on September 22, 2022, defendant pled no contest to two felony counts of assault with a deadly weapon (counts 1 and 2, amended to strike the word "vehicle" from each count) and to a

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

misdemeanor violation of Vehicle Code section 23152, subdivision (b) (count 6). Pursuant to the plea agreement, the parties stipulated to a five-year prison term (with execution of sentence suspended), including the aggravated term of four years on count 1, on terms and conditions that included three years of formal probation. Defendant admitted to circumstances in aggravation.[2]

Defendant completed a written change of plea form that advised him of his rights and the rights he was waiving; the forms were signed by his counsel and by the court. The parties stipulated to a factual basis for the no contest pleas. As to the felonies, it was agreed that on or about April 26, 2022, in Mendocino County, defendant committed an assault with a deadly weapon other than a knife on Alicia Miller and on Darin Hammond. The court (Honorable Keith Faulder) reviewed the change of plea form, questioned defendant, and found defendant knowingly, voluntarily, and intelligently waived his rights and entered pleas of no contest.

---

[2] The probation officer "as a friend of the court" had noted at the change of plea hearing that "in light of the fact that the parties stipulated to the aggravated term, given the change in the law" it was "best practice" to have defendant "admit at least one aggravated factor to support the plea," which he did. In context, the court and parties were referring to Senate Bill No. 567 (2021–2022 Reg. Sess.), which became effective January 1, 2022, and amended section 1170 "in several fundamental ways." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.) As pertinent here, section 1170, subdivision (b)(2), now provides, in relevant part, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the *facts underlying those circumstances have been stipulated to by the defendant*, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.) At sentencing, it was similarly noted by the court that the unexecuted sentence was "notwithstanding the change in the law and the presumption of the middle term."

At the sentencing on November 3, 2022, the court (Honorable Carly Dolan) stated that it had read and reviewed the presentence investigation report. (Defendant had previously waived the right to be sentenced by the judge who had taken his change of plea.) The court also noted defendant was "ineligible for probation. I count about six prior felony convictions. I am prepared to find unusual circumstances based on the parties essentially stipulating to unusual circumstances.[3] [Defendant] clearly does suffer from a substance abuse disorder. [¶] There was an element of provocation here and elements of unusual circumstances to the offense. This wasn't just a blatant attack on just a random community member."

Defendant was sentenced consistent with the plea agreement: five years of imprisonment, execution of sentence suspended, and defendant was placed on formal probation for three years, with various conditions including that he serve 300 days in jail, with credit for 150 days actual time served.[4] The then-unexecuted prison sentence consisted of the aggravated term of four years on count 1, a consecutive one year on count 2, and six months on the misdemeanor count to run concurrent with the prison term.

---

[3] The deputy district attorney stated at the sentencing hearing, "I would just note that I do believe drugs and alcohol were a factor in this situation. I also think that drugs and alcohol were a factor in regards to the victims at the time as well. The situation became exacerbated because of that, and so I think that is one of the reasons why this agreement was crafted as it was. [¶] And I also think there was some acknowledgment that [defendant] was assaulted pretty seriously after by the victims, so I think that was part of what the people were contemplating as well."

[4] Counsel on appeal advises that this amounted to credit for time served. Counsel also advises that defendant's probation was later revoked, but this matter is not before us.

The trial court ascertained that defense counsel had received the proposed terms and conditions of probation and gone over them with his client. After stating the terms and conditions of probation, the trial judge asked defendant whether he accepted all of the terms outlined in the order of probation, and defendant said yes. Defendant also signed the Order of Probation indicating his understanding of the terms of his probation and agreeing to abide by them. The remaining counts of the information were dismissed.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Defendant's supplemental brief consists of a one-page recitation of what he believes occurred on April 26, 2022. He claims he was asleep in "a woman's van," on medication, and had drunk a beer, which made him "unable to function physicly [*sic*] or mentaly [*sic*]." He was "unconscious" when Hammond "dragged" him from the van and "beat me unconscious." He was "disoreantated" [*sic*] and tried to leave the parking lot in his car. Miller and Hammond were in the middle of the street; he "swearved [*sic*] away from them and ended up in Starbucks parking lot where again they were blocking the street from me getting away." He claims he was "falsely accused of trying to hit them." He claims Hammond "had been in trouble before for draging [*sic*] someone from there [*sic*] vehicle to beat them up yet I'm thrown in jail because of my past." He concludes, without more: "I have had my 8th amendment stomped all over since I've been in California. My lawyer was incompatant [*sic*] and did not stand up for my rights and [illegible] me." The supplemental brief ends there, in mid-sentence, and is not signed.

Defendant was sentenced after a no contest plea and did not obtain a certificate of probable cause. His appeal was timely filed. Any issues as to

5

the validity of his plea are not before us. (§ 1237.5.) Before entering his no contest plea, defendant was advised of his rights, and there is no indication he did not understand his rights, including the rights he was waiving. The court found defendant had knowingly, voluntarily, and intelligently waived his rights and his plea was voluntary. Counsel and defendant stipulated to the factual basis for the plea.

The sentence imposed appears to be authorized by law, including the fines and fees, and was in compliance with the plea agreement. Custody credits appear to have been calculated correctly.

Based on our review of the record before us, defendant was represented by competent counsel who acted to protect his rights and interests. Although defendant was presumptively not eligible for probation, his trial counsel was successful in negotiating a probationary sentence. She filed a three-page sentencing statement urging the court to find factors indicating the existence of an "unusual case" in which probation may be granted if otherwise appropriate. Among the factors counsel identified as "limiting defendant's culpability" were that he was "beaten up by Mr. Hammond," that defendant "says he was in his car trying to get away from Mr. Hammond" and "was in fear for his safety," that defendant suffers from alcohol and drug dependency and on the day in question was "under the influence of alcohol coupled with his prescription medication," and that defendant was "not opposed to treatment for his dependency and mental health issues," all of which "support a finding of unusual circumstances to support a grant of probation" in his case.

We conclude there are no arguable issues within the meaning of *People v. Wende, supra*, 25 Cal.3d 436.

The judgment is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Markman, J.*


A166841, *People v. Logan*

---

* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7